JEFFREY G. SLOANE, ESQ.  
Nevada Bar No. 000784  
2520 St. Rose Pkwy, Suite 301  
Henderson, Nevada 89074  
Telephone (702) 269-8570  
Facsimile (702) 837-1650  
jeff@jsloanelaw.com  
Attorney for TROY FOX, Trustee  

EFILED: February 6, 2020

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

*****

| | |
|---|---|
| In Re: | In Proceedings Under Chapter 7 |
| ANDREW BUNKER PLATT and RUTH ANN PLATT | BK-S-19-17282-btb |
| | Trustee: Troy Fox |
| Debtors. | Date: March 17, 2020<br>Time: 1:30 p.m. |

**TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 TO APPROVE COMPROMISE AND SETTLEMENT WITH ANDREW BUNKER PLATT and RUTH ANN PLATT**

JEFFREY G. SLOANE, ESQ., on behalf of TROY FOX, Trustee respectfully submits this motion to approve a settlement regarding non-exempt assets held by ANDREW BUNKER PLATT and RUTH ANN PLATT (hereafter referred to as "Debtors").

This motion is based upon the attached points and authorities, the Trustee's Declaration of Support, and any oral argument that this Court may permit.

/s/ JEFFREY G. SLOANE  
JEFFREY G. SLOANE, Esq.  
Nevada Bar No. 000784  
2520 St. Rose Pkwy, Suite 301  
Henderson, Nevada 89074  
Counsel for TROY FOX, Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The Trustee is requesting authority to approve a compromise of monies held by the Debtors that the Trustee has alleged to be property of the Estate. The compromise is based upon the mutual desire by the Trustee and the Debtors to resolve future litigation between the parties that would necessarily be expensive and time consuming. The compromise offered by the Debtors and agreed to by the Trustee is that the Debtors shall pay to the Estate the total sum of $52,500.00.

### II.

### FACTS

1. On November 13, 2019 (the "Bankruptcy Petition Date") ANDREW BUNKER PLATT and RUTH ANN PLATT ("Debtors") filed a petition pursuant to Chapter 7 of the Bankruptcy Code in United States Bankruptcy Court, District of Nevada (Case No. BK-S-19-17282-btb).

2. Mr. Fox was duly qualified and appointed as the Chapter 7 Trustee to administer the Debtors' bankruptcy estate.

3. The purpose of this motion is to resolve issues between the Estate and the Debtors regarding several claims of exemption sought by the Debtors.

4. The issues which are the subject of this motion are not simple and are the subject of various substantive issues of law including, but not limited to, the validity Trust documents created pursuant to Nevada law, wage exemptions pursuant NRS § 21.090(1)(g), the interplay of the Homestead exemption pursuant to NRS § 21.090(1)(l) and 11 U.S.C. § 522(p), and the "wildcard" exemption pursuant to NRS § 21.090(z).

5. The major disagreement between the parties stems from contrary interpretations of 11 U.S.C. §§ 522(p)(1)(A) and 522(p)(2)(B) as those sections of the Code affect the

Debtors' claim of the Homestead exemption under Nevada law vis-a-vis the Trustee's belief that the Debtors are only entitled to the exemption provided within the Code. The difference is substantial: the Homestead exemption pursuant to Nevada law would offer the Debtors an equitable exemption of $550,000.00. On the other hand, if the Debtors were relegated to the exemption under the Code, they would only be able to protect a maximum sum of $170,350.00. In this instance, there is approximately $300,000.00 equity in the Debtors' residence. If the Debtors were to receive the exemption under Nevada's statutory authority, the entire residence would be deemed exempt and provide no value to the Estate. If, on the other hand, the Debtors are only entitled to the Federal exemption under the Code, there would be a net value to the Estate in the approximate sum of $60,000.00 upon sale of the residence.

6. All told, and assuming the Estate was able to recover 100% of the monies that the Trustee believes to be non-exempt assets, the Estate could possibly recover a sum between $80,000.00 and $90,000.00. However, if the Debtors succeeded in proving they are entitled to all of the exemptions claimed, the return to the Estate would be no more than the approximate sum of $21,000.00, the latter of which representing the non-exempt portion of the Debtors' tax refund for 2019. It should also be noted that to the extent the Estate would be successful in recovering some or all of the funds that the Debtors have claimed as exempt, any such recovery would be tempered by the administrative expenses in costs and attorney's fees, thereby diluting the distribution available to the allowed unsecured claims of the Estate. Such administrative expenses could easily be in excess of $20,000.00. Similarly, the Debtors' would incur substantial costs and attorney's fees by litigating the issues identified herein.

7. After substantial research, discussion, and negotiation, both the Trustee and the

Debtors believe a resolution and settlement would be the best course of action for both parties. Accordingly, the Trustee has agreed to accept, subject to this Court's approval, the sum of $52,500.00 as a complete and full settlement of all issues between the Estate and the Debtors. The full sum has or will be turned over by the time this matter is considered by the Court.

8. As part of the settlement, and in order to effectuate and expeditious administration of the Estate, the Trustee has agreed to waive any objection to the exemptions claimed by the Debtors and the Debtors have agreed that the settlement funds are not subject to disgorgement by the Estate waiving any such objections to the exemption claims. To that end, the Trustee will no conclude the 341(a) meeting of creditors until such time as this motion is approved by the Court or until the Court orders the Trustee to do so.

### III.

### LEGAL ARGUMENT

### Motion to Approve Settlement with Debtors

i. **The Standard to Approve a Settlement**

F.R.B.P. 9019(a), provides that, after notice and hearing, a court may approve a trustee's proposed settlement or compromise. Whether a compromise should be accepted lies within the sound discretion of the Bankruptcy Court. *See **Martin v. Cane (In Re A&C Properties)***, 784 F.2d 1377 (9th Cir. 1986), *cert. denied*, 479 U.S. 854 (1986).

In exercise of that sound discretion on passing on proposed settlements, the standard the court applies under the former Bankruptcy Act is the same standard the Court applies with the Bankruptcy Code. *See **Protective Committee v. Anderson***, 300 U.S. 14 (1968), (a decision under the Act); ***In Re Carla Leather, Inc.***, 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1984) *aff'd*, 50 B.R. 764 (D.C.N.Y. 1985) (Discussing similarity of Act and Code standards). The Ninth Circuit has specifically set forth the following test in ***A&C Properties***, supra, for the fairness or reasonableness of a settlement:

4

In determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, the court must consider:

    (a)    the probability of success on the merits;
    (b)    the difficulty, if any, to be encountered in the matter of collection;
    (c)    the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and
    (d)    the paramount interest of creditors and the property deference to their reasonable view in the premise.

*A&C Properties*, supra, at 1391.

Notably, a bankruptcy court should refrain from substituting its own judgment for the judgment of the party charged with the business of operations of the estate, such as the trustee. ***In Re Carla Leather, Inc.***, 44 B.R. at 456. As the Second Circuit stated in ***In Re W.T. Grant & Co.***, 699 F.2d 599, 608 (2d Cir. 1983), the review of the bankruptcy court of a proposed settlement should not "decide the numerous questions of law and fact but rather canvas the issue and see whether the settlement falls below the lowest point of the range of reasonableness." A mini trial on the merits of the underlying cause of action is not required and should not be undertaken by the bankruptcy court. *See also **In Re Blair***, 538 F.2d 849 (9th Cir. 1976); ***In Re Walsh Const., Inc.***, 699 F.2d 1325 (9th Cir. 1982).

    **ii.**    **The Trustee has met the *A&C Properties* Factors**

The Trustee has complied with all of the *A&C Properties* factors in this case. First, the probability of collection is not guaranteed. The expense, complexity, and delay of collecting this judgment would be a substantial cost that would not necessarily garner a greater net value to the Estate, even if it were assumed that the Judgment is fully collectible. Finally, consideration to the benefit of the creditors and the business judgment of the Trustee works in favor of approving the compromise and settlement. The best option for the Estate and creditors is to settle this matter by having a voluntary payment in the amount of $52,500.00 on terms as identified above. Upon receipt of the full $52,500.00, this matter will be deemed as being settled in full. *See* Declaration of Troy Fox, Trustee in favor of approving the settlement, attached hereto as Exhibit "1".

## IV.

## CONCLUSION

Based upon the Trustee's business judgment, the settlement is clearly in the best interest of the Bankruptcy Estate. Accordingly, the Trustee respectfully requests this Court to enter an order:

1. Approving the terms of the Settlement as more particularly set forth hereinabove; and
2. Approving any further relief this Court deems just and proper.

DATED: February 6, 2020.

Respectfully Submitted,

/s/ JEFFREY G. SLOANE
JEFFREY G. SLOANE, ESQ.
Nevada Bar No. 000784
2520 St. Rose Pkwy, Suite 301
Henderson, Nevada 89074
Counsel for TROY FOX, Trustee

EXHIBIT 1

JEFFREY G. SLOANE, ESQ.  
Nevada Bar No. 000784  
2520 St. Rose Pkwy, Suite 301  
Henderson, Nevada 89074  
Telephone (702) 269-8570  
Facsimile (702) 837-1650  
jeff@jsloanelaw.com  
Attorney for TROY FOX, Trustee

EFILED: February 6, 2020

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

*****

In Re:

ANDREW BUNKER PLATT and
RUTH ANN PLATT

　　　　　　　　　　Debtors.

In Proceedings Under Chapter 7

BK-S-19-17282-btb

Trustee: Troy Fox

Date: March 17, 2020
Time: 1:30 p.m.

**DECLARATION OF TROY FOX, IN SUPPORT OF TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 TO APPROVE COMPROMISE AND SETTLEMENT WITH ANDREW BUNKER PLATT and RUTH ANN PLATT**

I, TROY FOX, declare under penalty of perjury as follows:

1. I have been appointed as the Chapter 7 Trustee in the above referenced bankruptcy estate. Unless otherwise stated herein, I have personal knowledge of all the facts and circumstances stated herein. I am competent to testify to the same.

2. On November 13, 2019 (the "Bankruptcy Petition Date") ANDREW BUNKER PLATT and RUTH ANN PLATT ("Debtors") filed a petition pursuant to Chapter 7 of the Bankruptcy Code in United States Bankruptcy Court, District of Nevada (Case No. BK-S-19-17282-btb).

3. I was duly qualified and appointed as the *Chapter 7 Trustee* to administer the *Platt's* bankruptcy Estate.

4. I have read the Motion to Approve Compromise and Settlement with ANDREW BUNKER PLATT and RUTH ANN PLATT and all information contained therein is true and correct to the best of my knowledge.

5. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 05th day of February, 2020.

_____
TROY FOX, TRUSTEE

2